**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

LANCE CONWAY WOOD,

    Petitioner - Appellant,

v.

SHARON D'AMICO,

    Respondent - Appellee.

No. 26-4034
(D.C. No. 4:24-CV-00084-AMA)
(D. Utah)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY*
_____

Before **McHUGH**, **EID**, and **CARSON**, Circuit Judges.
_____

Lance Conway Wood, a Utah prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal from the district court's dismissal of his 28 U.S.C. § 2254

application as an unauthorized second or successive § 2254 application.  We deny a COA

and dismiss this matter.

### BACKGROUND

In 1990, a jury convicted Wood of first-degree murder, aggravated kidnapping,

and aggravated sexual assault.  After pursuing a direct appeal and state post-conviction

remedies, Wood filed an unsuccessful § 2254 application, *see Wood v. Utah* (*Wood I*),

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

7 F. App'x 852, 852 (10th Cir. 2001), and then another § 2254 application that the district court denied as untimely but that this court determined was an unauthorized second or successive § 2254 application, *see Wood v. Utah* (*Wood II*), No. 03-4265, at 2 (10th Cir. July 16, 2004) (unpublished).

In 2024, Wood filed a third § 2254 application. The district court concluded Wood had presented some of the same claims in a prior § 2254 application, and thus they must be dismissed under 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."). The court also held that it lacked jurisdiction to consider the remaining claims because the application was a second or successive § 2254 application that Wood had not obtained authorization to file. *See* § 2244(b)(3) (requiring this court's prior authorization for second or successive § 2254 applications); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until this court has granted the required authorization."). The court declined to transfer the claims to this court for authorization, dismissed the action without prejudice, and denied a COA.

## DISCUSSION

To appeal, Wood must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do that, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court dismissed the application on procedural grounds, he must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was

correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We construe Wood's pro se filings liberally. *See Davis v. McCollum*, 798 F.3d 1317, 1319 n.2 (10th Cir. 2015).

Wood asserts the district court erred in determining the application was a second or successive § 2254 application because his prior applications were dismissed for lack of exhaustion and he returned to federal court only after exhausting these claims in state court. His premise, however, is incorrect. In *Wood I*, the district court adjudicated his application on the merits. *See Wood v. Utah*, No. 97-CV-0094, at 8-9, 38 (D. Utah. Apr. 11, 2000) (unpublished) (report and recommendation concluding claims were exhausted but recommending denial on the merits); *Wood v. Utah*, No. 97-CV-0094, at 1-2 (D. Utah May 11, 2000) (unpublished) (adopting the recommendation). Accordingly, that application counts as a first § 2254 application. Consistent with that conclusion, *Wood II* treated Mr. Wood's second § 2254 application as a second or successive § 2254 application. No reasonable jurist would debate the district court's decision to consider the most recent application to be a second or successive § 2254 application.

Wood challenges the district court's failures to consider his new evidence, appoint him counsel, conduct an evidentiary hearing, and analyze and decide his claims. But the district court lacks jurisdiction to consider an unauthorized second or successive § 2254 application. *See In re Cline*, 531 F.3d at 1251. No reasonable jurist would debate the district court's failure to conduct additional proceedings and decide claims it lacked jurisdiction to consider.

Finally, Wood argues he should be allowed to proceed with a standalone claim of actual innocence, or in the alternative, that the court should consider his evidence of innocence in a miscarriage-of-justice analysis. But no reasonable jurist would debate these requests either. Neither the Supreme Court nor this court has recognized a standalone actual-innocence § 2254 claim. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (recognizing the issue remains undecided); *Vreeland v. Zupan*, 906 F.3d 866, 883 n.6 (10th Cir. 2018) (denying a COA on a standalone actual-innocence claim). And by enacting § 2244(b)(2), Congress "constrained the application" of the miscarriage-of-justice gateway in the context of second or successive § 2254 applications. *McQuiggin*, 569 U.S. at 395. Wood cannot merely rely on the miscarriage-of-justice gateway but must instead satisfy § 2244(b)'s requirements. *See McQuiggin*, 569 U.S. at 395-96.

## CONCLUSION

We deny a COA and dismiss this matter.

Entered for the Court

Per Curiam